# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRIS J. JACOBS, III,

        Plaintiff,

    -vs-                                  Case No. 07-C-55

SECRETARY MATTHEW FRANK,

        Defendant.

## DECISION AND ORDER

        Plaintiff Chris J. Jacobs, III, who is incarcerated at the Wisconsin Secure Program Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 along with a motion for leave to proceed *in forma pauperis*. On April 23, 2007, the court granted the plaintiff's motion for leave to proceed *in forma pauperis*, but dismissed the case pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. Judgment was entered dismissing this action on April 23, 2007. On May 1, 2007, the plaintiff filed a motion for reconsideration, which will be addressed herein.

        When a motion to alter or amend a judgment is filed within ten days after entry of judgment, the court deems it filed under Rule 59(e), "even if, as in this case, the motion is not labeled a Rule 59(e) motion and again, as in this case, does not say 'alter or amend' (the language of Rule 59(e)) but instead uses a synonym, such as 'vacate' or 'reconsider.'"

*Borrero v. City of Chicago*, 456 F.3d 698, 699 (7th Cir. 2006); *see also* Fed. R. Civ. P. 59(e). Rule 59(e) allows the court to alter or amend a judgment if (1) the movant can demonstrate a manifest error of law or fact, (2) the movant presents newly discovered and previously unavailable evidence, (3) reconsideration is necessary to prevent manifest injustice, or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright, *et al.*, *Federal Practice and Procedure*, § 2810.1, at 125-27 (1995); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures").

A "manifest error" is not demonstrated by the disappointment of the losing party. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Rather, it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

2

As indicated, on April 23, 2007, the court dismissed the complaint for failure to state a claim. In the complaint, the plaintiff alleged that the Wisconsin Department of Corrections (DOC) denied him access to the courts and that the $200 yearly legal loan limit had not been adjusted for inflation.[1] The plaintiff alleged:

> In 2004, I had to resort to using the back of state forms and other paper and envelopes sent to me from my family to be able to litigate. I had to do all copies, including my briefs by hand which has caused injury to my arm. At this prison (and other prison also) I'm not allowed to have envelopes sent into prison.

(Compl. at 6.) The plaintiff further alleged that the "$200.00 yearly legal loan hinders meaningful litigation and has raised [sic] to the level of being denied access to the courts." *Id.* For relief, the plaintiff sought to "raise the $200.00 yearly legal loans to meet to todays [sic] price of living standards." *Id.*

---

[1] The Wisconsin Department of Corrections legal loan provision provides:

> **DOC 309.51 Funds for legal correspondence and copying.** (1) Correspondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board may not be denied due to lack of funds, excpt as limited in this subsection. Inmates without sufficient funds in their genderal account to pay for paper, photocopy work, or postage may receive a loan from the institution where they reside. No inmate may receive more than $200 annually under this subsection, except that any amount of the debt the inmate repays during the year may be advanced to the inmate again without counting against the $200 loan limit. The $200 loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents. The institution shall charge any amount advanced under this subsection to the inmate's general account for future repayment. An inmate may be permitted to retain in the inmate's general account an amount of money specified, in writing, by the bureau of adult institutions that is not subject to repayment of the loan.

Wis. Admin. Code § DOC 309.51(1).

3

In dismissing the complaint for failure to state a claim, the court reasoned:

> In order to state a cognizable access to the courts claim, a complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006) (citing *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006)). The plaintiff premises an access to the courts claim on the DOC's failure to increase the amount set forth in its legal loan provision so that the amount is consistent with the rate of inflation. However, the plaintiff does not identify any court case in which he was prejudiced due to the $200 yearly limit, which, by the way, may be exceeded if an inmate demonstrates an extraordinary need.
>
> Even if the complaint had alleged that the DOC's $200 legal loan limit caused the plaintiff to lose a case or suffer some other legal setback, the State of Wisconsin is under no constitutional obligation to provide the plaintiff with any assistance in pursuing his civil litigation. *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). There is "no constitutional entitlement to subsidy" to prosecute civil lawsuits. *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002). Moreover, prison officials are free to place restrictions on the receipt of funds as they wish. *See Kaufman v. Frank*, No. 06-C-205, 2006 WL 1982692 (W.D. Wis. July 13, 2006). As the Court of Appeals for the Seventh Circuit has advised, the provision of legal loans pursuant to Wis. Admin. Code § DOC 309.51(1) "is a matter strictly between [a prisoner] and Wisconsin, and not any business of the federal courts. *Lindell*, 352 F.3d at 1111.

(Court's Decision and Order of April 23, 2007, at 4-6.)

In his motion for reconsideration, the plaintiff asserts that he was prejudiced because he had to voluntarily drop a case because the warden refused to extend his legal loan. The plaintiff asserts that he has repeatedly shown the warden "extraordinary need" but has

4

been denied. (Pl.'s Mot. for Recon. at 3.) "This is the very reason for this lawsuit, to raise $200.00 yearly limit because the warden denies demonstrates [sic] of extraordinary need." *Id.* The plaintiff concludes that "the court should reconsider its 4-23-07 decision of dismiss with a 'strike' and/or drop the 'strike' and/or alter this to a voluntarily dismissal, without prejudice." *Id.*

Wisconsin Statute § DOC 309.51, the DOC's legal loan statute, "is not intended for the funding of prisoners' suits." *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). Moreover, "[a] right to petition for redress of grievances does not imply a right to free writing paper and stamps." *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002). As the court of appeals for this circuit has explained,

> the loans authorized by the statute are not 'funds which are disbursed or credited to an inmate's account to be used as he wishes' but rather 'simultaneous credits and debits ... for the sole purpose of enabling prisoners to purchase 'paper, photocopy work, or postage' on credit.' And Lindell has 'no constitutional entitlement to subsidy,' *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002), to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund. *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998). If he is able to convince Wisconsin to extend him more credit for his legal endeavors, in apparent violation of Wisconsin law, any debt arising from that extension will be a matter strictly between him and Wisconsin, and not any business of the federal courts.

*Id.*

The plaintiff has not shown that this court's Decision and Order dismissing the complaint for failure to state a claim contained a manifest error of law. He has not

5

demonstrated that he is entitled to relief under Rule 59(e). Thus, the plaintiff's motion for reconsideration will be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Docket #9) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of January, 2008.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**